UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

EDWARD WINGFIELD,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

3:16-cv-503-JR

FINDINGS & RECOMMENDATION

RUSSO, Magistrate Judge:

PROCEDURAL BACKGROUND

Plaintiff, Edward Wingfield, filed an application for disability insurance benefits (DIB) which the Social Security Administration ("Administration") denied on September 23, 2011. Plaintiff sought reconsideration of the decision and, on December 19, 2011, the Administration again denied the application. The notice of denial informed the recipient of a 60 day time limit within which to file a request for an administrative hearing. Plaintiff alleges neither he nor his counsel were provided with a copy of the December 19, 2011 denial.

Plaintiff's attorney requested status updates from the Administration on March 5, 2013, June 6, 2013, August 1, 2014, and October 14, 2014. Plaintiff alleges his attorney received the December

Page 1 - FINDINGS & RECOMMENDATION

19, 2011 notice of denial on October 16, 2014. On October 21, 2014, plaintiff's counsel requested a hearing asserting the delay was justified by the Administration's failure to provide the notice of denial until October 16, 2014.

On January 2, 2015, an administrative law judge (ALJ) dismissed plaintiff's request for a hearing as untimely. The Appeals Council denied review. Plaintiff alleges the refusal to hold a hearing deprived him of his due process rights to a meaningful opportunity to be heard. Plaintiff seeks an order reversing the Commissioner's denials and a remand for hearing on the issue of whether the hearing was timely requested and, if not, whether good cause exists for the late request.

## DISCUSSION

The Commissioner moves to dismiss the complaint asserting the court lacks subject matter jurisdiction to review the Administration's dismissal of plaintiff's disability benefits application.

The Social Security Act (the Act), limits judicial review of the Commissioner's decisions to "any final decision ... made after a hearing." 42 U.S.C. § 405(g). The administrative review process governing applications for social security benefits includes initial applications and reconsideration requests prior to a hearing, if necessary. 20 C.F.R. § 404.900(a) (1-3). Further steps include Appeals Council review before seeking review in federal court. 20 C.F.R. § 404.900(a) (4-5). The review process involves time limits for each step and failure to "take the next step within the stated time period, [results in loss of the] right to further administrative review [and the] right to judicial review, unless you can show ... good cause for [the] failure to make a timely request for review." 20 C.F.R. § 404.900(b).

As noted, the Act limits this court's review to final decisions of the Commissioner after a hearing. 42 U.S.C. § 405(g); Califano v. Sanders, 430 U.S. 99, 107-09 (1977). A decision denying

an untimely request for a hearing is not reviewable. See Dexter v. Colvin, 731 F.3d 977, 980 (9th Cir. 2013) ("Because the SSA's decision whether, for good cause shown, to entertain an untimely hearing request or reopen an earlier application is strictly discretionary ... it is not final and thus not generally reviewable by a district court.").

Sanders, however, recognized an exception where the constitution is implicated. Sanders, 430 U.S. at 109. The Sanders exception applies to any colorable constitutional claim of a due process violation implicating the right to a meaningful opportunity to be heard. Evans v. Chater, 110 F.3d 1480, 1483 (9th Cir. 1997). A challenge that is not "wholly insubstantial, immaterial, or frivolous" raises a colorable constitutional claim. Boettcher v. Sec'y of Health & Human Serv., 759 F.2d 719, 722 (9th Cir. 1985).

Plaintiff asserts good cause for his untimely filing. In determining whether good cause exists for missing a deadline, the Administration considers:

1) What circumstances kept you from making the request on time;

(2) Whether our action misled you;

(3) Whether you did not understand the requirements of the Act resulting from amendments to the Act, other legislation, or court decisions; and

(4) Whether you had any physical, mental, educational, or linguistic limitations (including any lack of facility with the English language) which prevented you from filing a timely request or from understanding or knowing about the need to file a timely request for review.

20 C.F.R. § 404.911(a).

The regulations specifically provide good cause may exist when a claimant did not receive notice of a determination. 20 C.F.R. § 404.911(b)(7). Due process requires that a claimant receive meaningful notice and an opportunity to be heard before his claim for disability benefits may be

Page 3 - FINDINGS & RECOMMENDATION

denied. Mathews v. Eldridge, 424 U.S. 319, 333 (1976). Plaintiff asserts that neither he nor his counsel received the denial determination which triggered the 60 day time limit. An ALJ declined to find good cause existed for missing the deadline. It is unclear, however, whether the ALJ actually considered whether plaintiff received the notice. The ALJ reasoned as follows:

> The claimant's attorney contends that the notice of reconsideration was not received by him until October 16, 2014 and was never received by the claimant. On October 14, 2014, Mr. Sly sent a letter to the Social Security office, requesting a status of the claim, indicating this was his fourth request for status. He stated he had previously sent requests on March 5, 2013, June 6, 2013 and August 1, 2014.
>
> The Notice of Reconsideration, dated September 19, 2011, reflects it was sent to the claimant's correct address and a copy sent to Mr. Sly.
>
> While the claimant's attorney sent requests for the status of the claim in March and June 2013 and August 2014, **the initial request in March 2013 was 15 months after the reconsideration determination was sent to both the attorney and the claimant.** Disability Determination Services records reflect the reconsideration determination was appropriately sent in December 2011. I would be more persuaded by Mr. Sly's argument if he had sent requests for information in a more timely manner. [As] it stands, the requests look more like an attempt to build a case for late filing far after the fact. **Significantly, the requests for status do not establish that the reconsideration determination was not received by either the claimant or the representative in a timely manner.**

Order of Dismissal, dated January 2, 2015 (attached to the Declaration of Nancy Chung (#11-1) at pp. 19-20) (emphasis added).

The ALJ appears to fault the attorney for not requesting a status update sooner based on the date of the determination that the attorney alleges was never received. Indeed, the ALJ faults the attorney for not stating in the requests that the determination letter was not timely received even though the status requests were made precisely because counsel had not received any information on the request for reconsideration. See, e.g., Letter of Richard Sly dated October 14, 2014 (attached to the Declaration of Nancy Chung (#11-1) at p. 14) ("[W]e requested the status of Claimant Edward

Page 4 - FINDINGS & RECOMMENDATION

Wingfield's request for reconsideration which was filed on October 11, 2011, we received the SSA confirmation of our representation by letter dated November 15, 2011. Since that time we have submitted records to be included in the record and requested to know the status of the claim but have had no response....").

It is unclear if the ALJ rejected the credibility of the assertion that the denial determination was not received until October 16, 2014, or if the ALJ denied the request for an untimely hearing based on counsel's failure to request it sooner, despite lacking knowledge of the determination. The ALJ cites as reason for denial the length of time between the denial determination and the first status request and the failure to note lack of receipt of the determination in the status requests.

If plaintiff and his counsel are credible regarding not receiving the determination, the time between the determination date and the status requests do not necessarily matter. Moreover, the fact the status requests do not state plaintiff did not receive the determination would be explained by the fact counsel did not know of its existence. It may be that the ALJ impliedly rejected plaintiff's and plaintiff's counsel's assertion the denial determination was not received, however that is not clear from the decision. On the other hand, if the ALJ dismissed the request for a hearing because she determined that counsel should have made a status request sooner, that does not necessarily establish lack of good cause. Due process requires the Administration to consider whether good cause for the delay exists if the claimant did not receive notice of the determination. Plaintiff

> states a colorable due process claim [if he] presented a reason that constituted good cause under the Commissioner's regulations.... [I]f a claimant provides a facially legitimate reason that constitutes "good cause" under the Commissioner's regulations ... then due process requires that the ALJ address it.

Dexter, 731 F.3d at 981-82. Based on the record before the court, it cannot be determined if the ALJ

Page 5 - FINDINGS & RECOMMENDATION

accepted or rejected plaintiff's and plaintiff's counsel's assertions they did not receive notice of the determination and thus whether good cause exists. Accordingly, the matter should be remanded to the Commissioner to consider whether good cause exists for the late request for a hearing and, if good cause is found, to hold a hearing on the merits of plaintiff's disability claim.

## CONCLUSION

The Commissioner's motion to dismiss (#11) should be denied and this matter should be reversed and remanded for further proceedings.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties shall have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determination of the Magistrate Judge will be considered as a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to this recommendation.

DATED this 25th day of January 2017.

/s/ Jolie A. Russo
JOLIE A. RUSSO
United States Magistrate Judge

Page 6 - FINDINGS & RECOMMENDATION